**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**Kenneth Bailey MILES, Jr., Appellee.**

**No. 89–CA–2171–MR.**

Court of Appeals of Kentucky.

Feb. 15, 1991.

Rehearing Denied May 19, 1991.

Discretionary Review Denied by
Supreme Court Nov. 13, 1991.

Frederic J. Cowan, Atty. Gen., Frankfort, David H. McKenna, Special Asst. Atty. Gen., Louisville, for appellant.

Daniel T. Goyette, Jefferson Dist. Public Defender, Frank W. Heft, Jr., Chief Appellate Defender, Louisville, for appellee.

Before HOWERTON, WEST and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from an order by the Jefferson Circuit Court dismissing, with prejudice, an indictment of the appellee, Kenneth Bailey Miles, Jr.

The appellee was originally indicted on March 22, 1982, on two counts of murder and assault in the first degree. He was found competent to stand trial on October 23, 1983; however, before a trial could be had, this finding was set aside, and he was adjudged incompetent to stand trial. The indictment was dismissed without prejudice on June 21, 1984, and the appellee was involuntarily committed to Central State Hospital pursuant to KRS 504.110(2) and Chapter 202A. On December 20, 1984, the appellant was again indicted on the same charges. This indictment was dismissed without prejudice on February 14, 1985, because of his incompetency to stand trial. A third indictment was returned on July 30, 1986, but it too was dismissed without prejudice following a hearing on the appellant's competency to stand trial. The appellee was indicted on these same charges for the fourth time on September 20, 1989. This indictment was "dismissed with prejudice" on September 29, 1989. There has been no appreciable change over the years in the appellee's mental condition, and it is now the consensus of psychiatric opinion that he is, for all intents and purposes, permanently incompetent to stand trial.

The Jefferson Circuit Court found that the "[r]epeated dismissals without prejudice have indeed resulted in an indefinite postponement of trial" in violation of the appellee's constitutional right to a speedy trial in light of the United States Supreme Court's decision in *Jackson v. Indiana,* 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). The court ordered as follows:

(1) IT IS HEREBY ADJUDGED that the Defendant remains incompetent to stand trial and that there is no substantial probability of his attaining competency in the foreseeable future;

(2) IT IS HEREBY ORDERED that the charges contained in Indictment No. 89CR1801 be dismissed with prejudice due to the denial of due process inherent in holding pending criminal charges indefinitely over a permanently incompetent Defendant's head; the infliction of cruel and unusual punishment, and the denial of the Defendant's rights to a speedy trial and due process of law, all in violation of the Kentucky Constitution and the Constitution of the United States (Ky. Const. §§ 2, 11, 14 and 17; Amendments 6, 8 and 14 of the U.S. Const.).

The court then ordered the appellee be committed involuntarily to Central State Hospital for 360 days pursuant to KRS 504.110(2) and KRS Chapter 202A.

The appellant argues that the trial court erroneously found that the appellee's Sixth Amendment right to a speedy trial had been violated because the court weighed the time during which the appellee was involuntarily hospitalized in its analysis. It contends that the time between the dismissal of charges and any new indictment should not be considered. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." U.S. Const. amend. VI. The *MacDonald* Court stated:

A literal reading of the Amendment suggests that this right attaches only when a formal criminal charge is instituted and a criminal prosecution begins. In *United States v. Marion*, 404 U.S. 307, 313, 92 S.Ct. 455 [459], 30 L.Ed.2d 468 (1971), we held that the Speedy Trial Clause of the Sixth Amendment does not apply to the period before a defendant is indicted, arrested, or otherwise officially accused.

*United States v. MacDonald*, 456 U.S. 1, 6, 102 S.Ct. 1497, 1501, 71 L.Ed.2d 696 (1982). The Court explained that once charges are dismissed, the speedy trial guarantee is no longer applicable because "with no charges outstanding, personal liberty is certainly not impaired to the same degree as it is after arrest while charges are pending." It quoted *United States v. Marion*, 404 U.S. 307 at 321, 92 S.Ct. 455 at 463, 30 L.Ed.2d 468, to explain that after charges against a defendant have been dismissed, "a citizen suffers no restraints on his liberty and is [no longer] the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer." *MacDonald*, 456 U.S. 1 at 9, 102 S.Ct. 1497 at 1502, 71 L.Ed.2d 696. In *United States v. Loud Hawk*, 474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986), the Court determined that "the Speedy Trial Clause's core concern is impairment of liberty ... under the rule of *MacDonald*, when defendants are not incarcerated or subjected to other substantial restrictions on their liberty, a Court should not weigh that time towards a claim under the Speedy Trial Clause."

■ Applying these principles to the present case, we believe that the period of time during which the appellee was not under indictment should not be considered in determining whether he has been denied a speedy trial. It is true that since March 1982 he has been confined to a mental hospital, but his confinement is not because of the criminal charges against him, or his inability to stand trial on these charges as was the situation in *Jackson v. Indiana*, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). He has been confined because he has been found to be mentally ill pursuant

to Chapter 202A of the Kentucky Revised Statutes and "presents a danger or threat of danger to self, family or others...." KRS 202A.026(1).

■ Bearing in mind the purposes of the Speedy Trial Clause of the Sixth Amendment, and taking into account that since March 1982 the appellee's liberty has not been impaired for any appreciable period because of the criminal charges against him, that the charges made by each grand jury have been dismissed promptly upon the determination of incompetency so that unresolved criminal charges have not been pending against him for lengthy periods of time, and that the reason for any delay of trial has been the appellee's illness, we conclude that the appellee has not been denied a speedy trial.

We find nothing in Section 11 of the Kentucky Constitution assuring a speedy trial which would support the decision of the trial court. The delay in bringing the appellant to trial has been caused only by the fact that due to his mental condition he is not capable of being tried. *See Parks v. Commonwealth*, Ky., 424 S.W.2d 133 (1968). Similarly we find nothing in Sections 2 and 14 of the Kentucky Constitution, also relied upon by the trial court, to support its decision.

The trial court appears to have been influenced in its decision by the Supreme Court's observation in *Jackson* that the dismissal of criminal charges against an incompetent accused has usually been thought to be justified by "the Sixth–Fourteenth Amendment right to a speedy trial, or the denial of due process in holding pending charges indefinitely over the head of one who will never have a chance to prove his innocence." *Jackson v. Indiana*, 406 U.S. 715 at 740, 92 S.Ct. 1845 at 1859, 32 L.Ed.2d 435 (1972). Since we have considered the speedy trial question, we shall now take up the appellant's contention that the court erred in holding that the appellee had been denied due process.

■ Although the court did not specifically rule on a due process violation claim in *Jackson*, the implication of its statement, with which we agree, was that it would be a denial of due process to maintain criminal

charges indefinitely against a defendant who never has a chance, because of his incompetency, to establish his innocence through a trial. The obvious difference between this case and the situation of which the Supreme Court is speaking is that the criminal charges have not been maintained indefinitely against the appellee, but have been promptly dismissed each time his continuing incompetency has been again determined.

The delay of trial in this case has not been brought about by the prosecution's attempt to gain some tactical advantage, to harass the appellee, or even negligence. The possibility that the appellee might suffer some actual prejudice by the delay because of the unavailability of or fading memory of witnesses so that he could not receive a fair trial is a question which certainly would present itself when, and if, the appellee is able to stand trial. Any due process claim on this score is at best speculative at this time. *See United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

Finally, we are unable to agree with the trial court that the appellee has been subjected to cruel and unusual punishment in violation of the United States and Kentucky Constitutions because of the criminal charges which have been pending against him from time to time. He has suffered no punishment at all by reason of the charges.

The order of the trial court is affirmed to the extent that it dismisses the indictment against the appellee, but is reversed insofar as it holds that the appellee has been denied a speedy trial and that his rights to due process of law and to be free from cruel and unusual punishment have been violated. Nothing contained in said order shall prevent the Commonwealth from reindicting the appellee at a later date, although we might question why that would be necessary until the appellee has become competent to stand trial.

All concur.