**COMMONWEALTH of Kentucky Appellant,**

v.

**Glenn Ray TODD, Appellee.**

**No. 1998–CA–001302–MR.**

Court of Appeals of Kentucky.

April 30, 1999.

Discretionary Review Denied by Supreme Court March 15, 2000.

A. B. Chandler III, Attorney General, Vickie L. Wise, Assistant Attorney General, Frankfort, Kentucky, for Appellant.

Frank W. Heft, Jr., Daniel T. Goyette, Louisville, Kentucky, for Appellee.

Before HUDDLESTON, McANULTY and SCHRODER, Judges.

*OPINION*

HUDDLESTON, Judge.

This is an appeal by the Commonwealth of Kentucky from a Jefferson Circuit Court order granting Glenn Ray Todd credit for time spent at Central State Hospital while confined there pursuant to or-

ders of commitment issued according to Ky.Rev.Stat. (KRS) 504.110 and KRS Chapter 202A.

In June 1996, Todd was indicted for two counts of first-degree robbery, KRS 515.020; possession of a handgun by a convicted felon, KRS 527.040; carrying a concealed deadly weapon, KRS 527.020; and second-degree persistent felony offender, KRS 532.020. The charges arose out of a February 6, 1994, robbery of a Payless Shoe Store. In July 1996, the trial court ordered Todd committed to the Kentucky Correctional Psychiatric Center (KCPC) for an evaluation of his competency to stand trial. Following the evaluation, the court issued a finding that Todd, by reason of mental illness, lacked the capacity to appreciate the nature and consequences of the proceedings against him and to participate rationally in his defense. The court further determined that there was no substantial probability that Todd would attain competency within the foreseeable future. Based upon these findings, the trial court, pursuant to KRS 504.110(2) and KRS Chapter 202A, ordered that Todd be committed to the custody of Central State Hospital for a period not to exceed 360 days. The June 1996 indictment was subsequently dismissed without prejudice.

In February 1997, Todd was reindicted on each of the aforementioned charges. Todd again moved for a determination of his competency to stand trial. The trial court determined that Todd remained incompetent to stand trial and entered findings and rulings similar to those made in the 1996 proceedings. Todd was again ordered committed to the custody of Central State Hospital for a period not to exceed 360 days, and the indictment was dismissed without prejudice.

In April 1998, proceeding by information with the consent of Todd, the Commonwealth again charged the appellant with the aforementioned crimes. This time, however, Todd did not challenge his competency to stand trial, but, rather, pleaded guilty to the charges and was sentenced as follows: 15 years on each of the two robbery counts; 5 years on the handgun possession count; and 12 months on the concealed weapon count. All sentences were run concurrently for a total of 15 years to serve.

Todd moved that he be given credit on his sentence for time spent in custody at the Jefferson County Jail, KCPC and Central State Hospital. The Commonwealth agreed to credit time for the time Todd spent in jail and at KCPC, but objected to awarding credit time for the periods of involuntary commitment to Central State Hospital. The trial court granted Todd's motion to award credit time for his period of confinement in Central State Hospital.[1] This appeal followed.

Implicit in the trial court's holding is that Todd was in custody for purposes of KRS 532.120 during the period of his involuntary hospitalization at Central State Hospital. The Commonwealth argues that the court incorrectly determined Todd's hospitalization period to be "time spent in custody" within the meaning of this statute. We agree with the Commonwealth.

KRS 532.120(3) provides that:

Time spent in custody prior to the commencement of a sentence *as a result of the charge that culminated in the sentence* shall be credited by the court imposing sentence toward service of the maximum term of imprisonment. If the sentence is to an indeterminate term of imprisonment, the time spent in custody prior to the commencement of the sentence shall be considered for all purposes as time served in prison. (Emphasis supplied.)

---

1. With the agreement of Todd, no credit time was awarded for the portion of his stay at Central State Hospital during which he was under sentence as the result of an unrelated conviction.

Todd was committed to Central State Hospital under KRS 504.110(2), which provides that:

> If the court finds the defendant incompetent to stand trial but there is no substantial probability he will attain competency in the foreseeable future, it shall conduct an involuntary hospitalization proceeding under KRS Chapter 202A [Hospitalization of Mental Patients] or 202B [Mental Retardation Admission].

In the present case, the commitment proceedings were pursuant to KRS Chapter 202A.

On two occasions the trial court determined that Todd was incompetent to stand trial and that there was no reasonable probability that he would attain competency in the foreseeable future. Pursuant to KRS 504.110(2), the court then conducted an involuntary hospitalization proceeding under KRS Chapter 202A. Whether Todd was thereafter to be involuntarily hospitalized was dependant upon the outcome of the Chapter 202A proceedings, *not* the pending criminal indictment.[2]

KRS 202A.026 provides that:

> No person shall be involuntarily hospitalized unless such person is a mentally ill person:
>
> (1) Who presents a danger or threat of danger to self, family or others as a result of the mental illness;
>
> (2) Who can reasonably benefit from treatment; and
>
> (3) For whom hospitalization is the least restrictive alternative mode of treatment presently available.

Todd was hospitalized because he was mentally ill, presented a danger to himself and others, stood to benefit from hospitalization, and because hospitalization was the least restrictive mode of treatment. Although incompetent to stand trial, if Todd had not met each of the foregoing criteria, he could not have been involuntarily hospi-

talized, and would not have been confined for the time periods for which he now seeks credit. While admittedly Todd's crimes did lead to the initiation of the process that led to the discovery of his mental illness and his involuntary hospitalization, the time he spent at Central State Hospital was not "as a result of the charge" that eventually culminated in the 15–year sentence he is presently serving. Accordingly, Todd's hospital confinement does not qualify for credit under KRS 532.120(3). Based upon the mandatory language of KRS 532.120(3), the word "shall" precludes any discretion on the part of the trial court in crediting time for preconviction custody. KRS 446.010(29); *Bartrug v. Commonwealth*, Ky.App., ˙582 S.W.2d 61, 63 (1979). Thus, the trial court erred when it awarded credit for the time Todd spent at Central State Hospital as a result of his KRS 202A commitment.

The distinction between the restraint of liberty as a result of a KRS 202A proceeding and time spent in custody as a result of a criminal charge is illustrated in *Commonwealth v. Miles*, Ky.App., 816 S.W.2d 657 (1991). In *Miles*, this Court held that, in determining whether a defendant has been denied a speedy trial, the period of time during which he was not under indictment cannot be considered, even though the defendant had been confined to a mental hospital for seven years and was indicted four times only to have the charges dismissed each time due to incompetency. The *Miles* court stated:

> [W]e believe that the period of time during which the appellee was not under indictment should not be considered in determining whether he has been denied a speedy trial. It is true that since March 1982 he has been confined to a mental hospital, but his confinement is not because of the criminal charges against him, or his inability to stand trial on these charges as was the situation in

---

**2.** Significantly, upon both determinations that involuntary hospitalization was required un-

der KRS Chapter 202A, the pending indictment was dismissed.

*Jackson v. Indiana,*[3] 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). He has been confined because he has been found to be mentally ill pursuant to Chapter 202A of the Kentucky Revised Statutes and "presents a danger or threat of danger to self, family or others...." KRS 202A.026(1).

*Id.* at 659.

We conclude that the analysis set forth in *Miles* is equally applicable in distinguishing an involuntary hospitalization under KRS 202A from time spent in custody as a result of the charge that culminated in the sentence under KRS 532.120(3). During the time of Todd's hospitalization, he was not in custody as a result of the criminal charges arising from his robbery of the shoe store; rather, Todd was confined as the result of the procedure set out in KRS 202A. Of course, had the indictment been pending during this period, and had Todd not otherwise been released from criminal custody, he would have been entitled to credit for his Central State Hospital time. *Prewitt v. Wilkinson,* Ky. App., 843 S.W.2d 335 (1992).

In support of his position that he should receive credit for his Central State confinement time, Todd cites a variety of sister-state authority. We have reviewed these authorities and are unpersuaded that these cases should alter our conclusions.

For the foregoing reasons, the judgment is reversed and this case is remanded to Jefferson Circuit Court for further proceedings consistent with this opinion.

ALL CONCUR.

---

**3.** In *Jackson v. Indiana,* the defendant was determined to be incompetent to stand trial. Under the Indiana law in effect at the time, but held unconstitutional in *Jackson,* it was *mandatory* that a defendant found incompetent to stand trial be confined in an appropriate psychiatric institution; hence, incompetence to stand trial equated to mandatory confinement.