## Dixon v. Caudill.

(Decided May 12, 1911.)

### Appeal from Letcher Circuit Court.

1. School Trustee—Vacancy—Where the poll sheet of an election to choose a District School Trustee is stolen beyond recovery shortly before the close of the polls, and the election officers fail to certify the result of the election for that reason, a vacancy exists which can be filled by the appointment of the County School Superintendent.

2. Vacancy in Office—Appointment of Trustee—An appointment may be made within a reasonable time before a vacancy actually exists, to take effect when it occurs, if it be made by the authority that would have the right to make the appointment when the vacancy does occur.

3. Same—A person cannot be appointed presently to fill a vacancy when there is no vacancy, but he can be appointed to fill a vacancy that will shortly occur, his appointment to take effect when it does occur.

DAVID HAYS, S. B. DISHMAN and IRA FIELDS for appellant.

WM. H. HOLT, GREENE & VAN WINKLE and D. D. FIELDS & SON for appellee.

W. B. O'CONNELL, Guardian-ad-litem, of Counsel.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The question presented by this record for decision is, did the appellant, Dixon, or the appellee, Elijah Caudill, have the right to teach the public school in District 52, of Letcher County, for the school year beginning July 1, 1907? Both taught the full school term of six months. Dixon taught in the district schoolhouse under a contract made with trustee W. T. Campbell, and John Campbell who claimed to be a trustee, while Caudill taught in a shanty near by, for a like period, under a contract with trustee J. D. Caudill, and George Fields who claimed to be a trustee. Each had a daily attendance of from twenty to thirty pupils, Dixon's attendance being perhaps the larger. The case arises out of a controversy as to who constituted the three trustees for the school district. It is admitted that W. T. Campbell and J. D. Caudill were school trustees at the time the respective contracts were made with Dixon and Caudill.

The case turns upon the question as to whether Fields or John Campbell was the third trustee, when each of them acted with one of the admitted trustees and attempted to employ a teacher. If John Campbell was a trustee, the contract of W. T. Campbell and John Campbell with appellant, Dixon, was a valid contract, and he is entitled to the compensation allowed by law for the service; while, on the other hand, if Fields was a trustee when he and J. D. Caudill made the contract with appellee, Elijah Caudill, the latter is entitled to the compensation. Fields had been elected in October, 1903, for a term of three years beginning July 1, 1904. At an election held in October, 1906, for the purpose of choosing a successor to Fields for the term beginning July 1, 1907, John Campbell and Spencer Banks were rival candidates. About half an hour before the time fixed for the closing of the polls, the election officers (the appellee, Elijah Caudill, being one of them), left the polling booth for a few minutes to witness a disturbance that had suddenly arisen outside, and, when they returned some ten or fifteen minutes later, the poll sheet had disappeared and was never recovered. The officers of election closed the polls, and after having unsuccessfully endeavored to recover the lost poll sheet, they declined to declare either candidate elected. No certificate of election was ever made out by the officers of election to either candidate, and no proceedings have ever been taken by either of them for the purpose of compelling the election officers to issue a certificate, or to determine the result of the election. The judge and clerk of the election, however, made a joint written statement of the foregoing facts to Pendleton, the County School Superintendent, assigning them as the reason for their having refused to issue a certificate of election. Neither candidate qualified as trustee. Subsequently, on April 20, 1907, Pendleton, the County Superintendent of Schools, made the following written appointment:

"OFFICE OF SUPERINTENDENT COMMON SCHOOLS.

"Whitesburg, Letcher County, Ky., April 20, 1907.

"It appearing to me that there is some contention among the people in School District No. 52 as to who will be the legal trustee to begin the regular term, beginning July the 1st, 1907.

"Now, therefore, by virtue of authority vested in me by section 74, Common School Law, I recognize and appoint John Campbell as trustee in and for said District, to begin his office July the 1st, 1907, and to act until the controversy is settled or until his successor in office shall have been elected or appointed and qualified.

"Given under my hand date above written.

"JAS. S. PENDLETON, Supt.,

"Qualified before me this April 20, 1907."

John Campbell qualified as trustee, and while so acting, in conjunction with W. T. Campbell, one of the undisputed trustees, employed Dixon to teach the district school. On the other hand, Fields and Caudill, claiming that there was no vacancy, by reason of the failure of the election, and that Fields held over as trustee, employed appellee, Caudill, to teach the school. Pendleton recognized John Campbell as the trustee, and Dixon as the regularly employed teacher. The students of the district had notice of the teaching by each of the teachers, and had free access to each of said schools; and Caudill, while he was teaching, knew that Pendleton was recognizing John Campbell as trustee.

Upon the trial the chancellor held there was no vacancy in the office of trustee, and that the appointment of John Campbell on April 20, 1907, was void for that reason; that Fields held over as trustee because no successor had been elected, appointed, or qualified to succeed him, and that appellee's employment by Fields and Caudill was legal and binding. He, therefore, directed the County Superintendent to pay Caudill the full amount of money due from the State to said district for school purposes for the year ending June 30, 1908, and from that judgment Dixon appeals.

The decision necessarily turns upon the interpretation to be given section 4436 of the Kentucky Statutes, which reads as follows:

"If, from a failure to qualify according to law, or from any other cause, there be a vacancy in the office of trustee, the county superintendent of the county shall, within ten days, or as soon thereafter as practicable, supply the same by his appointment, in writing, and the trustee so appointed shall hold his office until the end of that term, and until his successor is elected or appointed and qualified. In case of controverted right

to the office of trustee, the county superintendent is empowered to recognize a trustee among the contestants until the dispute has been settled. If a trustee-elect shall fail to qualify before the county superintendent on or before the first day of June following his election, or file with him a certificate that he has qualified before another officer, it shall be within the discretion of the county superintendent to declare his place vacant, and to fill same by appointment.''

We are not left in doubt as to what constitutes a ''vacancy in office,'' since the Legislature has defined the phrase by the enactment of section 1521 of the Kentucky Statutes, which reads as follows:

''The term 'vacancy in office,' or any equivalent phrase, as used in this article, means such as exists when there is an unexpired part of a term of office without a lawful incumbent therein, or when the person elected or appointed to an office fails to qualify according to law, or when there has been no election to fill the office at the time appointed by law. It applies whether the vacancy is occasioned by death, resignation, removal from the State, county or district, or otherwise.''

It is true the statute just quoted defines the phrase ''vacancy in office,'' or an equivalent phrase, when used in that article of the statutes; but since the phrase means the same, wherever it may appear in the statutes, the definition therein given must control elsewhere, unless there be some statutory interdiction. In the case at bar the election was called and held, as required by law, but the result was not ascertained by reason of an untoward interference. Section 1521 above quoted, is quite broad in its terms, and declares a vacancy to exist when there has been no election, and also when it is occasioned by death, resignation, removal from the State, county or district, or otherwise. And section 4436 authorizes the county superintendent to appoint a trustee to fill a vacancy which is caused from the failure of a trustee-elect to qualify according to law, or from any other cause. We are clearly of opinion that the facts of this case bring it within the meaning of these two sections of the statutes, and that there was a vacancy occasioned by the fruitless election held to elect a successor to Fields in October , 1906. It follows, therefore, that Superintendent Pendleton had authority to appoint John Campbell to fill vacancy.

It is insisted, however, that the appointment of John Campbell on April 20, 1907, to take his office on July 1, 1907, was void because the appointment was made to fill a vacancy before the vacancy existed. Stated somewhat differently, appellee's proposition is, that no appointment to fill a vacancy in an office can be made to take effect at a future date. If this were a new question we might have some difficulty in deciding it; but, since the case of Terry v. Cornett, 136 Ky., 628, the question is no longer an open one in this State. In that case the County Superintendent on June 29, 1908, appointed Gross as Trustee to take his office on July 1 following, and the question there presented was precisely the question that is presented for decision here: Could the appointment be made to take effect at a future date? Furthermore, in Shepherd v. Gambill, 25 Ky. Law Rep., 333, the term of Turner as trustee expired on June 30, 1902, and the Superintendent of Schools, whose term expired on January 5, 1902, appointed Turner on January 2, 1902, to fill the vacancy in his office which would occur in July 1, 1902. In reviewing the last-named case and in deciding Terry v. Cornett, the court said:

"It will be noticed that, in holding invalid the appointment of Turner, the court was dealing with an appointment made on January 2, to take effect on July 1, by a superintendent whose term of office expired three days after he made the appointment. The material difference between that case and this is apparent. We entirely agree with the conclusion reached, but it does not sustain appellee's contention. Here the superintendent who appointed Gross knew that the vacancy he appointed him to fill would occur within two days, and that on the day the vacancy occurred he would be in office and have the right of appointment. We know of no objection, upon the ground of public policy or otherwise, that can be urged against a practice like this. If it was necessary in all cases to delay making an appointment to fill a vacancy until the office was actually vacant, much confusion and disorder in the public service might be occasioned, and so we think that an appointment may be made within a reasonable time before the vacancy actually exists, to take effect when it occurs, if it be made by the authority that would have the right to make the appointment when the vacancy does occur. A person can not be appointed presently to fill a vacancy when there is

no vacancy, but he can be appointed to fill a vacancy that will shortly occur; his appointment to take effect when it does. This view of the law applicable to cases like this is generally accepted as correct. Mechem on Public Officers, Sec. 133; Whitney v. Van Buskirk, 40 N. J. Law, 463; State v. O'Leary, 64 Minn., 207, 66 N. W., 264; Stave v. Catlin, 84 Tex., 48, 19 S. W., 302; People v. Ward, 107 Cal., 236, 40 Pac., 538; Ivy v. Lusk, 11 La. Ann., 486; Clarks v. Irwin, 5 Nev., 113.''

In the case at bar Superintendent Pendleton's term of office extended beyond the date at which John Campbell was to take office under the appointment of April 20, 1907, and under the broad language of the opinion just quoted, we have no hesitation in saying that his appointment was valid.

It follows, therefore, that John Campbell was the trustee, and that George Fields was not the trustee; that the employment of the appellant by John Campbell and W. T. Campbell was valid, and that the employment of Elijah Caudill by George Fields and J. D. Caudill was not valid, and of no force or effect.

The judgment of the circuit court is reversed, with instructions to set aside the judgment which determined that appellee was entitled to receive the money due from the State for school purposes and directing Superintendent Pendleton to pay said sum to him, and to enter judgment directing that the same be paid to the appellant.