**Dannie R. PREWITT, Appellant,**

v.

**Wallace WILKINSON, Governor, et al., Appellees.**

**No. 90–CA–494–MR.**

Court of Appeals of Kentucky.

June 19, 1992.

Case Ordered Published by Supreme Court Dec. 9, 1992.

Discretionary Review Denied by Supreme Court Dec. 9, 1992.

Dannie R. Prewitt, pro se.

Suzanne D. Cordery, Susan Alley, Corrections Cabinet, Frankfort, for appellees.

Before GUDGEL, HOWERTON and WILHOIT, JJ.

HOWERTON, Judge.

Dannie R. Prewitt appeals, pro se, from an order of the Franklin Circuit Court denying and dismissing his petition to have his resident record card corrected to reflect credit for time served while he was released on an appeal bond. Prewitt's primary argument on appeal is that the trial court erred when it failed to conclude that he remained in "custody" during the time he was released from prison pursuant to his appeal bond. Although the term "custody" may have various meanings in different situations, we can only conclude that Prewitt has misconstrued the meaning of "custody" in his situation. We affirm the order dismissing his petition.

In November 1986, Prewitt was given a 20–year sentence in the Kenton Circuit Court. He was committed to the reformatory at LaGrange, Kentucky, on January 9, 1987, to commence serving his sentence. On April 30, 1987, he was released on an appeal bond in the sum of $25,000 and remained free on bond for one year, two months, and five days, until his appeal was denied by the United States Supreme Court. He was returned to the reformatory on July 5, 1988.

Prewitt's Resident Record Card was recalculated to determine his new sentence

expiration date. The time was moved forward by the amount of time he was released on bond. Prewitt argues that this recalculation was improper because, although he was released from immediate physical custody of imprisonment, his appeal bond posed conditions which were confining and restrictive to his liberty and freedom. He claims that this restriction amounted to continuing in "custody." We disagree.

RCr 12.76(2) authorizes a stay of the execution of a sentence during an appeal if the person is admitted to bail. Bail pending an appeal may also be allowed after service of the sentence has commenced. RCr 12.78(1). This was the situation for Prewitt. RCr 4.54(1) provides for a summary type of control over bail, and the rule reads in part as follows: "... bail may be increased, decreased, revoked, or modified by the trial court without being subject to the hearing requirements of Rule 4.42, and control over bail shall remain with the trial court throughout any appeal." Despite the control authorized by the trial court, such control does not equate to "custody." The definition for "custody" is found in KRS 520.010(2). It reads as follows: " 'Custody' means restraint by a public servant pursuant to a lawful arrest, detention, or an order of court for law enforcement purposes, but *does not include* supervision of probation or parole or *constraint incidental to release on bail.*" (Emphasis added.)

 Even if Prewitt had been arrested on another charge and was in "custody" for that offense, he would not have obtained credit for time served on the charge for which he had been released on bail. This was basically the situation in *Handley v. Commonwealth*, Ky.App., 653 S.W.2d 165 (1983). Furthermore, had Prewitt been hospitalized while released on bail, such confinement would not equate to "custody." However, if Prewitt had been hospitalized while still in prison or in "custody," he would continue to receive credit for time served while in the hospital. *Bartrug v. Commonwealth*, Ky.App., 582 S.W.2d 61 (1979). In *Bartrug, Id.* at 64, we read:

Had the appellant been arrested prior to his hospitalization, or at any time during his hospitalization, he would have been entitled to credit for that period of time in which he was in custody, provided he was not free on bond, had been released on his own recognizance, or otherwise released pending trial.

The order of the Franklin Circuit Court is affirmed.

All concur.