Brian COOPER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 94–CA–0014–MR.

Court of Appeals of Kentucky.

Feb. 24, 1995.

Discretionary Review Denied by Supreme Court Aug. 16, 1995.

Jennifer J. Hall, Frankfort, for appellant.

Chris Gorman, Atty. Gen., E.M. Lowery, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, GARDNER and WILHOIT, JJ.

COMBS, Judge:

This case involves an issue of first impression in this Commonwealth; *i.e.*, whether a court-ordered pre-sentence "yard restriction" constitutes "custody" for which credit for time served must be granted. The Appellant contends that this restriction amounted to pre-conviction custody, for which he should have received credit against his jail sentence. In addition, he argues that the denial of credit violated the Double Jeopardy and Equal Protection clauses of the United States Constitution. After a thorough review of the prevailing case law and statutory authority, we disagree with the Appellant's contentions and affirm the decision of the Warren Circuit Court.

Appellant Brian Cooper (Cooper) was charged by the Warren County Grand Jury during the April, 1992, term for 12 counts of First–Degree Burglary, one count each of Second–Degree Burglary and Criminal Attempt to Commit Burglary in the Second Degree, and 13 counts of Theft by Unlawful Taking of Property Valued over $100.00. He was arrested shortly thereafter.

These offenses were committed by Cooper during the period from December, 1991, to January, 1992, when he was a juvenile. Cooper turned 18 on March 19, 1992, and the following day he was transferred from juvenile court to the circuit court to be tried as an adult on these charges. Before the transfer, the juvenile court ordered Cooper to remain on yard restriction in his home with his father.

On April 3, 1992, Cooper entered a plea of not guilty. A cash bond of $50,000.00 was set. Upon defense counsel's motion the court allowed Cooper's father to sign as surety on the bond. As an additional condition of release, the circuit court ordered Cooper to remain on yard restriction.[1] On May 21, 1992, Cooper accepted the Commonwealth's offer to amend the First–Degree Burglary counts to Second Degree, and to dismiss the additional count of Second–Degree Burglary and Criminal Attempt to Commit Burglary in the Second Degree. In exchange for this amendment and the Commonwealth's recommendation of a total sentence of ten years, Cooper agreed to plead guilty. On June 22, 1992, Cooper was sentenced in accordance with his plea agreement to ten years of imprisonment. Since his incarceration, Cooper has tendered three motions for shock probation, all of which have been denied by the circuit court. Following these motions, on November 23, 1993, Cooper filed a motion for jail credit which is the subject of this appeal. That motion was denied by the circuit court on December 15, 1993, and this appeal followed.

Cooper's first argument is that he is entitled to jail time credit pursuant to K.R.S. § 532.120(3), which mandates that the trial court give him credit for time spent in custody prior to sentencing. It states:

[t]ime spent *in custody* prior to the commencement of a sentence as a result of the charge that culminated in the sentence shall be credited by the court imposing sentence toward service of the maximum term of imprisonment.

(Emphasis added). The critical issue then is whether court-ordered yard restriction constitutes "custody" for which credit for time served must be given. Cooper reasons that he was never released from custody[2] and that the condition imposed upon him was a *de facto* continuation of the custodial situation for which he is entitled to receive credit pursuant to K.R.S. § 532.120(3). We disagree.

Cooper has misconstrued the meaning of custody in his situation. "Custody" is defined in K.R.S. § 520.010(2) as:

---

1. Cooper remained on yard restriction for a total of 81 days.

2. Cooper does not acknowledge that he was ever released from custody—despite his signature on the release form of April 3, 1992.

restraint by a public servant pursuant to a lawful arrest, detention, or an order of court for law enforcement purposes, *but does not include* supervision of probation or parole or *constraint incidental to release on bail.*

(1994 Supp.) (emphasis added). Unfortunately for Cooper, K.R.S. § 520.010(2) *specifically excludes* incidental constraints pursuant to release on bail such as the court-imposed condition of yard restriction. Although Cooper correctly points out that this definition is found in the K.R.S. chapter relating to escape, a definition of custody for escape purposes is necessarily more broad that one for his situation. *See Defining "Custody," "Incarceration" and "Imprisonment,"* Community Corrections Report Dec.–Jan. 1994, at 5–7; *United States v. Draper,* 996 F.2d 982 (9th Cir.1993).

In *Prewitt v. Wilkinson,* Ky.App., 843 S.W.2d 335 (1992), we applied the definition found in K.R.S. § 520.010(2) to determine whether the defendant, released on an appeal bond, was in custody for purposes of jail time calculation. Although released on a different type of bond, the defendant in *Prewitt* made essentially the same arguments as Cooper: that although released, his bond conditions were so confining and restrictive that they amounted to being in custody. *Prewitt,* 843 S.W.2d at 336. This Court of Appeals rejected that argument. While not completely congruent factually, the rule of *Prewitt* is broad enough to apply to this case as governing precedent.

In furtherance of his statutory argument that he should receive credit, Cooper also argues that yard restriction is strikingly similar to home incarceration in that both involve being confined to one's home.[3] However, unlike the court-ordered condition of yard restriction, home incarceration is an alternative to confinement in a penitentiary provided for by statute in K.R.S. Chapter 532. According to this chapter, any misdemeanant

may petition the sentencing court for an order directing that his sentence be served under terms of home incarceration. K.R.S. § 532.210(1). The conditions for home incarceration must include the following, among others:

(1) [t]he home incarceree shall be confined to his home at all times except when:

(a) [w]orking at approved employment or traveling directly to and from such employment;

\*      \*      \*      \*      \*      \*

(2) [v]iolation of subsection (1) of this section may subject the home incarceree to prosecution under KRS 520.030 (escape);

\*      \*      \*      \*      \*      \*

(6) [t]he home incarceree shall maintain a telephone or other approved monitoring device in the home or on his person at all times;

K.R.S. § 532.220.

Despite the similarities between home incarceration and the yard-restriction condition to release on bond, there are nonetheless compelling distinctions. First is the obvious difference in time-frame. Home incarceration is an alternative to confinement in a penitentiary *after* the fact of sentencing by a court. Release on bond *precedes* the fact of conviction and the attachment of jeopardy. Additionally, Cooper would not have been subjected to prosecution for escape had he violated the terms of his release. *Bartrug v. Commonwealth,* Ky.App., 582 S.W.2d 61, 63 (1979). Nor was he required by the court to maintain a monitoring device in his home. In fact, other than the allegations of Cooper's counsel in his brief before this court, there is nothing in the record to indicate that he was subjected to any surveillance or monitoring whatsoever.

Cooper mistakenly construes release on bond, restrictive though it was, as tanta-

---

**3.** Had Cooper been sentenced to home incarceration, he would have been entitled to receive cred-

it according to K.R.S. § 532.210(4).

mount to jail time rather than a privilege excepting him from jail time. The document voluntarily signed by Cooper for release from custody contained the following provision:

> [y]ou are warned that failure to comply with the above provisions will be deemed to be a violation of the terms and conditions of your release for which a warrant may be issued for your arrest; you may be detained, the *release privilege* revoked, and any bail bond posted may be forfeited.

(Emphasis added). Release on bond is indeed a privilege granted to an arrestee allowing the court broad discretion to impose conditions sufficient to guarantee his appearance later for trial. The alternative to release on bond, regardless of how stringent, is the ultimately restrictive confinement in the county jail prior to trial. Time served in the county jail must by statute be credited later against a sentence upon conviction and sentencing for the same crime. K.R.S. 532.120(3). Time released on bond, regardless of the restrictive conditions imposed, simply is not the same as jail time and is specifically excluded by statutory definition as a substitute for jail time. K.R.S. 520.010(2).

While acknowledging that his argument rests on rather tenuous grounds, Cooper asks this court not to dismiss his plea summarily and to look carefully at the substantive merits of his factual scenario. We have indeed honored that request and have looked hard at the semantics, the juxtaposition of the two statutes in question, and the *de facto* impact of "yard restriction" as tantamount to "custody". We are not persuaded that Cooper was subjected to the kind of custody contemplated by the General Assembly as meriting credit for time served.

Cooper cites two federal cases for our consideration to justify a more expansive reading of the Kentucky statutes on point. Again, neither case justifies a departure from the clear language of the statutes. *United States v. Jones,* 393 F.2d 728 (6th Cir.1968), credited a defendant with 37 days for time served in the local jail prior to trial as a result of his inability to post bond. Cooper was certainly not in jail; nor was he able to demonstrate beyond mere allegation that the yard restriction placed on his release was in any way attributable to financial inability to post a cash bond.

*Culp v. Bounds,* 325 F.Supp. 416 (W.D.N.C.1971) also involved time actually served in jail rather than restrictive terms imposed on bond release and is, therefore, neither relevant to nor dispositive of the case before us.

There may be some question as to the placement statutorily of the only definition we have of custody at K.R.S. 520.010(2) in the chapter treating the crime of "escape." Perhaps it should be reiterated in closer proximity to K.R.S. 532.120(3), the time-credit statute, which refers to "custody" specifically. As the definition currently stands in Kentucky law, restrictive terms on bond-released time do not amount to custody and are indeed still a privilege granted to an arrestee. Cooper cannot be heard to enjoy this privilege and then later to complain that he was, *de facto,* deprived of a statutorily conferred or constitutionally mandated right. If there is any gap or inconsistency between K.R.S. 532.120(3) (time to be credited) and K.R.S. 520.010(2) (definition of custody), it is solely within the purview of the General Assembly to make a correction and to define what is now a mere privilege as a matter of clear right.

We therefore affirm the decision of the Warren Circuit Court.

All concur.