Justin BUFORD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee,

Michael Keith SMITH a/k/a Michael Lively, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Nos. 1999–CA–002662–MR, 1999–CA–003011–MR, 1999–CA–002663–MR.

Court of Appeals of Kentucky.

Jan. 26, 2001.

Discretionary Review Denied Oct. 17, 2001.

Case Ordered Published by Supreme Court Oct. 17, 2001.

Frank W. Heft, Jr., Daniel T. Goyette Louisville, KY., for Appellant Buford.

Frank W. Heft, Jr., Sheila A. Seadler, Louisville, KY., for Appellant Smith.

Albert B. Chandler, III, Attorney General, John E. Zak, Assistant Attorney General, Frankfort, KY., for Appellee.

Before BUCKINGHAM, COMBS, and DYCHE, Judges.

*OPINION*

BUCKINGHAM, Judge:

Michael Keith Smith, a/k/a Michael Lively, and Justin Buford appeal from orders of the Jefferson Circuit Court denying them jail-time credit pursuant to KRS[1] 532.120(3) for time spent in home incarceration prior to their convictions for felony criminal offenses. Because their appeals involve the same issue, they have been consolidated. We affirm.

As a result of robberies of the Dairy Mart on Taylorsville Road in Louisville, Kentucky, on December 6, 1998, and December 7, 1998, Lively was convicted of

---

1. Kentucky Revised Statutes.

two counts of first-degree robbery. As a result of the second robbery on the latter date, Buford was convicted of facilitation to first-degree robbery. Both Lively and Buford were juveniles when the crimes were committed, but their cases were transferred from the juvenile division of the Jefferson District Court to the Jefferson Circuit Court for trial as adults. Following guilty pleas, Lively was sentenced to twelve years in prison and Buford was sentenced to five years in prison.

At the time of their arrests, Lively and Buford were released by the Jefferson District Court under terms of "OR [released on own recognizance] to HIP'S [home incarceration program] in lieu of $50,000 bond." Following the transfer of their cases to the Jefferson Circuit Court, Buford continued to remain free under the same condition of release but Lively was required to post a $15,000 bond to be secured by a 10% cash deposit.[2] At the time they were sentenced for their crimes, Lively had been in home incarceration 134 days and Buford had been in home incarceration 292 days. Each moved the trial court for additional jail-time credit for the time they spent in home incarceration, but the trial court, citing KRS 431.517, denied the motions. This appeal followed.

KRS 431.517 states that "[h]ome incarceration may be ordered as a form of pretrial release, subject to the conditions imposed by the provisions of KRS 532.200 to 532.250." While acknowledging they were released prior to trial under that statute, Lively and Buford argue they are entitled to jail-time credit for their home incarceration time pursuant to KRS

532.210(4). That statute provides that "[t]ime spent in home incarceration under this subsection shall be credited against the maximum term of imprisonment assessed for the defendant pursuant to this chapter."

We agree with the trial court that the appellants are not entitled to jail-time credit for the time spent in home incarceration prior to their convictions. KRS 431.517 allows home incarceration as a form of pretrial release.[3] While that statute does state that it is "subject to the conditions imposed by the provisions of KRS 532.200 to 532.250," the statute upon which the appellants rely, KRS 532.210(4), relates only to those persons who have been sentenced to imprisonment in a county jail.[4] In short, while some defendants may serve all or a portion of a county jail sentence in home incarceration and be credited with that time against the service of the jail term, jail-time credit is not allowed for time spent in home incarceration where it is ordered as a form of pretrial release. We see no inconsistency or ambiguity in the provisions of KRS 431.517 and KRS 532.210.

Citing *Stroud v. Commonwealth,* Ky., 922 S.W.2d 382 (1996), Lively and Buford argue that home incarceration is a form of custody from which one may escape and be convicted of that offense, and thus, they should be credited with their time served in this form of custody.[5] In *Stroud,* Stroud had disconnected a bracelet required to be worn by him by the home incarceration program in Jefferson County. On appeal, he argued that he could

---

**2.** *See* Kentucky Rules of Criminal Procedure (RCr) 4.04(1)(d)(ii).

**3.** *See also* RCr 4.12.

**4.** *See Aviles v. Commonwealth,* Ky.App., 17 S.W.3d 534, 537–38 (2000).

**5.** "Home incarceration" is defined in KRS 532.200 as "use of a person's home for purposes of confinement[.]"

not be charged with escape because he was not in custody. The Kentucky Supreme Court disagreed and affirmed Stroud's escape conviction. The court further held that "[t]he activities and behavior of Stroud were subject to strict surveillance and monitoring, and custody as it relates to escape, must be interpreted more broadly than in other situations such as *Cooper* [*v. Commonwealth,* Ky.App., 902 S.W.2d 833 (1995) ], where the prisoner is requesting jail-time credit."[6] *Stroud,* 922 S.W.2d at 385. We conclude there is no inconsistency in denying one jail-time credit for time spent in home incarceration prior to conviction and convicting one who violates home incarceration of escape.

The orders of the Jefferson Circuit Court are affirmed.

ALL CONCUR.

---

**6.** In *Cooper,* the appellant was not allowed jail-time credit where he had been released on "yard restriction" prior to his conviction. *Cooper* was decided prior to the enactment of KRS 431.517 which allows home incarceration as a form of pretrial release.