**Jason WEAVER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2003–SC–0353–DG.

Supreme Court of Kentucky.

Feb. 17, 2005.

Michael C. Lemke, Louisville, Counsel for Appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Teresa Young, Special Assistant Attorney General, Louisville, Counsel for Appellee.

JOHNSTONE, Justice.

This is an appeal from a decision of the Court of Appeals determining that the trial court erred in dismissing a second-degree escape charge. Discretionary review was granted. For the reasons set forth below, we affirm.

The facts in this matter are uncontested. Following Appellant's indictment for as-

sault and criminal abuse, the Jefferson Circuit Court ordered that he be released on his own recognizance upon the conditions that he be committed to the Jefferson County Department of Corrections pending trial and participate in the Home Incarceration Program until his August 29, 2001 trial date. His participation in the program required that he wear an electronic monitoring device and that he leave his home only to go to work. In July of 2001, Appellant failed to report on time to work. This failure prompted the supervising officer to request that Appellant report to the program's office; Appellant did not appear. For several weeks he could not be located and was subsequently indicted for escape in the second degree.

Appellant filed a pretrial motion seeking to dismiss the charge of escape in the second degree. The trial court granted the motion, reasoning that a defendant being held on home incarceration prior to trial was not in custody because such restraint was incidental to bail, an exception to the escape statute. The Commonwealth appealed the dismissal of the charge. The Court of Appeals reversed, concluding that Appellant was in "custody" within the meaning of Kentucky's escape statutes and therefore could be charged. Appellant sought discretionary review with this Court, which was granted.

The sole issue before us is whether a conviction for escape may arise from a violation of home incarceration that was imposed as a condition of pretrial release. We conclude that it may.

This issue is one of statutory interpretation, specifically whether Appellant's placement on home incarceration as a condition of pretrial release fits the definition of "custody" within the meaning of KRS 520.010(2). Pursuant to KRS 520.030, a person is guilty of escape in the second degree when he "escapes from a detention facility or, being charged with or convicted of a felony, he escapes from custody." KRS 520.010(2) defines "custody" for purposes of KRS Chapter 520 as "restraint by a public servant pursuant to a lawful arrest, detention, or an order of court for law enforcement purposes, but does not include supervision of probation or parole or constraint incidental to release on bail."

Appellant urges that his participation in the home incarceration program was a "constraint incidental to release on bail," thereby excepting him from the escape statute. This argument is necessarily predicated on a finding that Appellant was actually released on bail; he was not. No bail was ever set or paid in this case. Rather, Appellant was released to the home incarceration program *instead of* being released on bail. A distinction exists between a person released on bail versus other forms of pretrial release, and it is patently evident that the General Assembly intended this distinction. KRS 27A.360(1) requires a trial court to include in its disposition of a case whether a defendant is being released "on bail *or* pretrial release" (emphasis added). Moreover, KRS 431.517 speaks directly to the issue at bar, while also emphasizing that the General Assembly intended that a distinction exists between release on bail versus other forms of pretrial release. KRS 431.517 provides:

> Home incarceration may be ordered as a form of pretrial release, subject to the conditions imposed by the provisions of KRS 532.200 to 532.250.

KRS 532.220(2), in turn, provides that violation of the terms of home incarceration may subject "the home incarceree to prosecution under KRS 520.030 (escape)." Such penalties are not available to a defendant who has violated the conditions of his release on bail. Rather, a defendant acting in violation of the terms of his release

on bail is subject to having his bail bond forfeited. RCr 4.42(1). Therefore, we cannot conclude that Appellant had been released on bail.

In reaching the same conclusion, the Court of Appeals noted that it would be simply illogical to consider Appellant's home incarceration as some form of "constraint incidental to release on bail." The restraint and restrictions placed on Appellant as terms of his pretrial release were far more intense and comprehensive than the "incidental" constraint involved in a release on bail. Typical forms of constraint that are incidental to release on bail might include restrictions on travel, restrictions on place of dwelling, or perhaps a restriction on association with certain persons. Here, Appellant was ordered to wear an electronic monitoring device at all times, was not permitted to leave the home except to travel to and from work, and was required to report to the program's offices upon request. These restrictions were certainly not "incidental" to a release on bail; rather these restrictions constituted the substantive terms of Appellant's pretrial release on his own recognizance subject to home incarceration.

Finally, we reiterate our holding in *Stroud v. Commonwealth,* that a "[v]iolation of the Home Incarceration Program could result in a second-degree escape." 922 S.W.2d 382, 384 (Ky.1996). Appellant argues that *Stroud* is inapplicable because it does not specifically state whether the defendant was participating in the home incarceration program pursuant to terms of a pretrial release order or as part of a sentence. We find this distinction to be of no consequence, as the Court's underlying reasoning is relevant to the present matter: "a narrow technical reading of the

term 'custody' is not appropriate for the purposes of determining escape." *Id.* at 384.

For these reasons, the trial court erred in dismissing the escape charge. Because Appellant's home incarceration was not a constraint incidental to release on bail, his behavior constituted an escape from custody as defined by KRS 520.030. The case is remanded to the Jefferson Circuit Court for further proceedings consistent with this opinion.

COOPER, GRAVES, and WINTERSHEIMER, JJ., concur.

KELLER, J., dissents by separate opinion, with LAMBERT, C.J., and SCOTT, J., joining that dissent.

KELLER, Justice, dissenting.

Because KRS 520.010(2) specifically excludes "constraint incidental to release on bail" from the definition of custody, the Appellant may not be charged with escape from custody under KRS 520.030 for violating home incarceration as a form of pretrial release. If KRS 520.010(2)'s definition of custody is "unwise or impolitic, the remedy rests with the Legislature; not with the courts .... We have no authority to change or alter the established rules of law. Our functions are judicial, not legislative. We sit here to declare what the law is, and not what it ought to be."[1] Accordingly, I dissent.

While I have no doubt that a defendant may properly be charged with escape while on home incarceration as an "alternative to confinement in a penitentiary *after* the fact of sentencing by a court,"[2] a defendant may not properly be charged with escape from custody while on home incarceration *as a form of pretrial release*

---

1. *Drury v. Franke,* 247 Ky. 758, 57 S.W.2d 969, 982 (1933).

2. *Cooper v. Commonwealth,* 902 S.W.2d 833, 835 (Ky.App.1995), *discretionary review denied,* Aug. 16, 1995.

pursuant to KRS 431.517 because he or she is not in custody as that term is defined by statute. Instead, the proper remedy for a violation of home incarceration while on pretrial release would be to revoke the release privilege and return the defendant to the county jail to await trial.[3]

In *Buford v. Commonwealth*,[4] which bears the imprimatur of this Court, the Court of Appeals made the distinction between pretrial home incarceration and home incarceration as a sentence in concluding that jail-time credit would be afforded to those participating in the program after trial, but not to those whose participation occurred before trial. Specifically, the *Buford* Court determined that a defendant, like Appellant here, who had been released to Jefferson County's home incarceration program in lieu of bond, could not receive jail-time credit for the time he spent on home incarceration because he was not in "custody" at that time. There is no reason why this Court should take a different view when addressing home incarceration in the context of an escape charge. It is inconsistent and illogical to deny a defendant jail-time credit for time spent in home incarceration prior to conviction because he or she is not in

custody, and yet hold as the majority opinion does that a defendant in pretrial home incarceration is in custody for purposes of a conviction for escape from custody.[5] In such circumstances, a defendant is either in custody or not; logically it cannot be both.

The majority of this Court, in effect, concludes that pretrial home incarceration is custody based upon the common meaning of custody. But the Legislature made it clear in defining custody for KRS Chapter 520 that the common meaning of custody does not apply where it would include pretrial release conditions, and the statutory definition of custody must control.[6] The Court of Appeals in *Cooper v. Commonwealth*[7] understood the definition of "custody" when it said, "As the definition [of custody] currently stands in Kentucky law, restrictive terms on bond-released time do not amount to custody and are indeed still a privilege granted to an arrestee."[8] Home incarceration was a nonfinancial condition imposed on Appellant's pretrial release[9] and was used *in lieu of requiring bail*. As a result, for the purpose of determining whether he escaped from custody, it was no different than if the Appellant had been released on bail.

3. *State v. Fellhauer*, 123 N.M. 476, 481, 943 P.2d 123, 128 (N.M.Ct.App.1997) ("Defendant was not subject to a charge of escape if he failed to abide by the terms of his house arrest. The district court could have revoked the order allowing house arrest, but no new charges could have been brought. Thus, his non-compliance with house arrest would only have resulted in a revocation of his order of release."); RCr 4.14 (allows the issuance of a warrant for violation of conditions of release). I would note that a defendant may properly be charged with bail jumping if he or she fails to appear as specified by court order. KRS 520.070–.080.

4. 58 S.W.3d 490 (Ky.App.2001) (ordered published by Supreme Court of Kentucky).

5. *But see Buford v. Commonwealth*, 58 S.W.3d 490, 492 (Ky.App.2001) ("We conclude there

is no inconsistency in denying one jail-time credit for time spent in home incarceration prior to conviction and convicting one who violates home incarceration of escape.").

6. *Camera Center, Inc. v. Revenue Cabinet*, 34 S.W.3d 39, 43 (Ky.2000) (citing *Dixon v. Caudill*, 143 Ky. 623, 136 S.W. 1043 (1911) ("[W]herever it may appear in the statutes, the definitions therein must control elsewhere, unless there be some statutory interdiction.")).

7. *Cooper*, 902 S.W.2d at 836.

8. *Id.*

9. RCr 4.04(1)(c); RCr 4.04(2); RCr 4.14.

Thus pretrial home incarceration is "constraint incidental to release on bail."[10]

There is a huge and glaring inconsistency in denying one person jail-time credit for time spent in pretrial home incarceration and in convicting another person of escape from custody for violating the terms of pretrial home incarceration.[11] Both actions (the denial and the conviction) depend on whether one is in "custody," and it necessarily follows that a determination in one case that an individual on pretrial home incarceration is not in "custody" would apply to all cases where pretrial home incarceration is imposed and the dispositive question is whether the individual is in "custody." "The majority of courts interpreting whether the term house arrest constitutes being 'in custody' have held that it does not."[12] By virtue of today's majority opinion, this Court holds that an individual on pretrial release conditioned on home incarceration is not in custody for purposes of jail-time credit, but nevertheless is in custody for purposes of charging him or her with escape from custody. I cannot accept this inconsistency and thus, I respectfully dissent.

LAMBERT, C.J. and SCOTT, J., join this dissenting opinion.

---

10. *See, e.g., State v. Fellhauer,* 123 N.M. 476, 943 P.2d 123, 128 (Ct.App.1997) (holding that defendant released on pretrial house arrest was not entitled to jail-time credit); *State v. Faulkner,* 102 Ohio App.3d 602, 657 N.E.2d 602 (1995) (where defendant was not entitled to credit toward prison sentence for time "served" under electric home monitoring as condition of recognizance bond pending trial because such electronic house arrest constituted "constraint incidental to release on bail" and not "detention" or "confinement" within statute providing for sentencing credit).

11. *See id.* at 491. I would note, however, that there is no inconsistency with denying one jail time credit for time spent in home incarceration prior to conviction and convicting one who violates home incarceration of escape, but only when the latter home incarceration was imposed as an alternative to confinement in a penitentiary after conviction.

12. *State v. Climer,* 127 Idaho 20, 896 P.2d 346, 349 (Ct.App.1995).