**David TINDELL, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2007–CA–000008–MR.**

Court of Appeals of Kentucky.

Jan. 4, 2008.

David Tindell, pro se, Kentucky State Reformatory, LaGrange, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, George G. Seelig, Assistant Attorney General, Frankfort, KY, for appellee.

Before STUMBO and WINE, Judges; GUIDUGLI,[1] Senior Judge.

1. Senior Judge Daniel T. Guidugli sitting as    Special Judge by assignment of the Chief Jus-

## OPINION

WINE, Judge.

David Tindell appeals from an order of the Calloway Circuit Court denying his motion for jail-time credit for time spent on pretrial home incarceration. But, since the trial court imposed home incarceration as a condition of bail, rather than in lieu of bail, he is not entitled to credit for that time. Hence, we affirm.

The underlying facts of this action are not in dispute. On August 3, 2000, Tindell was arrested and charged with one count each of third-degree unlawful transaction with a minor, KRS 530.070(1); first-degree unlawful transaction with a minor, KRS 530.064(2)(b); and custodial interference, KRS 509.070. The court initially set Tindell's bond at $50,000.00, and he was bound over to the grand jury for indictment.

Prior to return of an indictment, Tindell filed a motion to reduce his bond. On September 13, 2000, the circuit court entered an order granting the motion and reducing Tindell's bond to $10,000.00 cash, property or approved surety, with Tindell's mother to sign as surety. The bond was further conditioned on Tindell "having no contact with the alleged victim in this case and . . . having no unsupervised contact with any minor." In addition, the court stated that Tindell "shall be under house arrest in the care of his mother during the pendency of this action." Tindell's mother, Sylvia Anderson, executed the bail bond and Tindell was released that day.

A Calloway County grand jury returned an indictment on October 9, 2000, charging Tindell with the offenses previously specified on the citation. Thereafter, on December 19, 2001, Tindell filed a motion to accept the Commonwealth's offer on a plea of guilty. On February 25, 2002, the trial court accepted the plea and entered a judgment finding Tindell guilty on the three charges set out in the indictment. In accord with the plea agreement, the trial court sentenced Tindell to twelve months on the charge of third-degree unlawful transaction with a minor, five years on the charge of custodial interference, and twelve years on the charge of first-degree unlawful transaction with a minor, to run concurrently for a total of twelve years. However, the trial court probated the sentence for five years, with twelve months of home incarceration.

The trial court subsequently released Tindell from home incarceration prior to the expiration of the full twelve months, but left the probation order and conditions in full effect. Subsequently, on November 17, 2005, the Commonwealth moved to revoke Tindell's probation due to his violations of conditions of his release. Following a hearing, the trial court revoked Tindell's probation and reinstated his twelve-year sentence.

The trial court later granted Tindell 55 days of jail credit for his incarceration in 2000 and 2005. Thereafter, Tindell filed a motion seeking "full home incarceration credit" for the periods of presentencing house arrest and for the post-sentencing home incarceration. In response, the trial court granted Tindell 150 days of credit for the home incarceration, but concluded that he was not entitled to credit for time spent in home incarceration where it was ordered as a form of pretrial release. Tindell now appeals to this Court.

The sole issue on appeal concerns Tindell's request for credit for the time he served on "house arrest" following his release on bail until the time of his sentencing. KRS 533.030(6) states, in pertinent part, that "[t]ime spent in confinement or

tice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

home incarceration ... shall be credited against the maximum term of imprisonment assessed for the defendant pursuant to KRS Chapter 532, if probation or conditional discharge is revoked and the defendant is sentenced to imprisonment." But in *Buford v. Commonwealth,* 58 S.W.3d 490 (Ky.App.2001), this Court made a distinction between pretrial home incarceration and home incarceration imposed as a sentence. The Court concluded that a defendant is not entitled to jail-time credit for time spent in home incarceration ordered as a form of pretrial release. *Id.* at 491–92.

Tindell maintains that the reasoning behind *Buford* has been undermined by the more recent opinion in *Weaver v. Commonwealth,* 156 S.W.3d 270 (Ky.2005). In *Weaver,* the Kentucky Supreme Court held that home incarceration imposed as a condition of pretrial release is a form of custody for purposes of the escape statute. Consequently, the Court found that a person who violates the conditions of home incarceration may be subject to prosecution under KRS 520.030. *Id.* at 271–72. *See also Stroud v. Commonwealth,* 922 S.W.2d 382, 384 (Ky.1996). Since pretrial home incarceration is a form of custody, Tindell argues that he is entitled to credit for that time.

While the holdings in *Weaver* and *Buford* appear to be contradictory, the facts of Tindell's case are clearly distinguishable from those in *Weaver.* In *Weaver,* the defendant was not actually released on bail, but was released to the home incarceration program instead of being released on bail. The Supreme Court noted that KRS 27A.360 creates a distinction between release on bail and release on any other form of pretrial release. The Court also pointed out that KRS 431.517 authorizes home incarceration as a form of pretrial release subject to the conditions imposed

by the provisions of KRS 532.200 to 532.250. Moreover, KRS 532.220(2) specifies that a person who violates the terms of home incarceration may be subject to prosecution for escape. Thus, the Court in *Weaver* concluded that, where home incarceration is imposed as a form of pretrial release in lieu of bail, a defendant who violates home incarceration is subject to prosecution under KRS 520.030. *Weaver,* 156 S.W.3d at 271–72.

Unlike in *Weaver,* Tindell was released on bail. The trial court imposed "house arrest" as an additional condition of his release on bail. While the distinction makes little practical difference from Tindell's perspective, the General Assembly's intent to draw such a distinction is clear from the applicable statutes. *Id.* Under the circumstances, Tindell was not entitled to credit for the time which he spent on pretrial home incarceration.

Accordingly, the order of the Calloway Circuit Court is affirmed.

ALL CONCUR.