RENDERED:  DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1436-MR

JESSE OOTEN                                                                APPELLANT


APPEAL FROM KENTON CIRCUIT COURT
v.       HONORABLE PATRICIA M. SUMME, JUDGE
ACTION NO. 21-CR-01576


COMMONWEALTH OF KENTUCKY                                  APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND KAREM, JUDGES.

THOMPSON, CHIEF JUDGE:  Jesse Ooten ("Appellant") appeals from an

amended *nunc pro tunc* final judgment and sentence of imprisonment entered by

the Kenton Circuit Court.  Appellant argues that the Commonwealth's prosecution

of similar charges violated the prohibition against double jeopardy, and that he was

denied the right to present a complete defense.  He requests an opinion ruling that

his convictions for tampering with a prisoner monitoring device and escape in the

second degree, violated his right to be free from double jeopardy.  He also seeks a

new trial on the charge of tampering with a prisoner monitoring device. After careful review, we find no error and affirm the judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

On October 12, 2021, Appellant was placed on a home incarceration program ("HIP") as part of pretrial release on a domestic violence charge. As Appellant could not return to his own home to serve the pretrial release, he stayed with his co-worker, Ed Young, whose residence was designated as the official HIP location.

Per the terms of the HIP, Young was allowed to transport Appellant to and from work, with no stops. Other restrictions were placed on Appellant's freedom while at Young's residence. Appellant could walk onto the front and back porches, but no farther. Additionally, Appellant could have no visitors and was required to wear an ankle monitor at all times. The location of the ankle monitor could be viewed electronically by HIP employees and the employees would be notified if the monitor was removed.

On November 4, 2021, Young transported Appellant to their workplace in Young's vehicle as he did on any other work day. Young would later testify that at the workplace, he became aware that Appellant had been sent home for the day. Young then looked on his phone at his home security cameras and saw Appellant in his home in apparent violation of the terms of Appellant's HIP.

Young called the police, who met him at his residence. The police had reason to believe that Appellant was behaving erratically and that he may have had a handgun. They determined that Appellant was not at the residence and they found Appellant's ankle monitor, which had been removed by a knife. Appellant was later arrested at a local park.

On December 16, 2021, a Kenton County grand jury returned two indictments against Appellant. The first indictment, Kenton County No. 21-CR-01576, charged Appellant with one count of tampering with a prisoner monitoring device, escape in the second degree, and with being a persistent felony offender in the second degree ("PFO"). The second indictment, Kenton County No. 21-CR-01577, charged Appellant with one count each of a convicted felon in possession of a handgun, theft by unlawful taking (firearm), criminal mischief in the first degree, and with being a PFO in the first degree.

The charges set out in the first indictment proceeded to a jury trial in August, 2022, resulting in a verdict of guilty on the tampering, escape, and PFO charges.[1] The second indictment was held for trial in 2023, and the judgment in that proceeding is not now before us. Based on the 2022 verdict arising from the first indictment, the circuit court sentenced Appellant to two years in prison on the tampering conviction, four years on the escape conviction, and an enhancement to

---

[1] Kentucky Revised Statutes ("KRS") 519.070; KRS 520.030; KRS 532.080.

-3-

10 and 13 years, respectively, based on the PFO conviction, to be run concurrently. This appeal followed.

## STANDARD OF REVIEW

Appellant raises questions that "primarily involve[ ] the interpretation of sections of the Constitution and statutes. Therefore, this Court applies the *de novo* standard of review in deciding this appeal." *Greene v. Commonwealth*, 349 S.W.3d 892, 898 (Ky. 2011) (citation omitted).

## ARGUMENTS AND ANALYSIS

Appellant first argues that his prosecution and conviction on the tampering and escape charges violated the prohibition against double jeopardy as established in the Fifth Amendment to the United States Constitution and Section 13 of the Kentucky Constitution. Specifically, and per *Kiper v. Commonwealth*, 399 S.W.3d 736, 741 (Ky. 2012), *as modified on denial of reh'g* (Apr. 25, 2013), he asserts that the tampering and escape charges arose from the same conduct at Young's residence; therefore, this should have resulted in a single charge. He acknowledges that this issue is not preserved for appellate review. He argues, however, that a claim of double jeopardy may be considered by an appellate court despite its lack of preservation. In the alternative, he seeks a review for palpable

error.  We will review his argument for palpable error.  *See Cardine v.*

*Commonwealth*, 283 S.W.3d 641, 652 (Ky. 2009).[2]

The double jeopardy clause of the Fifth Amendment of the United

States Constitution provides that no person shall "be subject for the same offence

to be twice put in jeopardy of life or limb[.]"  Section 13 of the Kentucky

Constitution contains similar language.  The standard for addressing double

jeopardy claims was set out in *Blockburger v. United States*, 284 U.S. 299, 52 S.

Ct. 180, 76 L. Ed. 306 (1932).  KRS 505.020 is a codification of the double

jeopardy law.  *Fagan v. Commonwealth*, 374 S.W.2d 274, 277 (Ky. 2012).

KRS 505.020(1)(c) states,

[w]hen a single course of conduct of a defendant may
establish the commission of more than one (1) offense,
he may be prosecuted for each such offense. He may not,
however, be convicted of more than one (1) offense when
. . . [t]he offense is designed to prohibit a continuing
course of conduct and the defendant's course of conduct
was uninterrupted by legal process, unless the law
expressly provides that specific periods of such conduct
constitute separate offenses.

---

[2] "A palpable error which affects the substantial rights of a party may be considered . . . by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error."  Kentucky Rules of Criminal Procedure ("RCr") 10.26.  "When an appellate court engages in a palpable error review, its focus is on what happened and whether the defect is so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process."  *Martin v. Commonwealth*, 207 S.W.3d 1, 5 (Ky. 2006).

Distilled to its essence, then, "[t]he test to determine if double jeopardy is violated is whether each statute requires proof of an additional fact which the other does not." *Biederman v. Commonwealth*, 434 S.W.3d 40, 43 (Ky. 2014) (citing *Blockburger*, *supra*). "The *Blockburger* test focuses on the proof necessary to prove the *statutory* elements of each offense, rather than on the actual evidence presented at trial. So the test can be satisfied despite substantial overlap in the evidence used to prove the offenses." *Fagan v. Commonwealth*, 374 S.W.3d 274, 277 (Ky. 2012) (internal quotation marks, citations, and footnotes omitted) (italics in original). Thus, we must look to the elements of the tampering and escape charges to determine if each statute requires proof of an additional fact the other does not.

> KRS 519.070(1) states that,
>
> [a] person is guilty of tampering with a prisoner monitoring device when he or she intentionally alters, disables, deactivates, tampers with, removes, damages, or destroys any device used to facilitate electronic monitoring or supervision of a person who is on probation or parole, or has been ordered to wear a device as a condition of pretrial release.

Thus, in order to obtain a guilty verdict on the tampering charge, the Commonwealth had to prove that Appellant (1) altered, disabled, deactivated, tampered with, removed, damaged, or destroyed a device used to facilitate

electronic monitoring or supervision; (2) that he was acting intentionally; and (3) that at the time he was ordered to wear the device as a condition of pretrial release.

In contrast, "[a] person is guilty of escape in the second degree when he escapes from a detention facility or, being charged with or convicted of a felony, he escapes from custody." KRS 520.030(1). Escape is defined as "departure from custody or the detention facility in which a person is held or detained when the departure is unpermitted, or failure to return to custody or detention following a temporary leave granted for a specific purpose or for a limited period." KRS 520.010(5). Escape from a HIP constitutes a violation of KRS 520.030. *Weaver v. Commonwealth*, 156 S.W.3d 270, 272 (Ky. 2005). To prove guilt on the escape charge, then, the Commonwealth had to demonstrate that Appellant (1) departed from Young's residence, and (2) at that time he had been ordered to be confined at the residence under the terms of the HIP.

It is readily apparent that the tampering and escape statutes each required proof of an additional fact which the other did not. *Biederman*, *supra*. The tampering statute required proof that Appellant damaged or removed the HIP monitoring device. This element is not required by the escape statute. Conversely, the escape statute required proof that Appellant departed from his place of confinement – an element not required by the tampering statute. Appellant could have tampered with his ankle monitor without escaping. Conversely, he could

have escaped without tampering with the ankle monitor. Appellant was not subjected to double jeopardy on the tampering and escape charges.

Further, *Kiper*, *supra*, to which Appellant directs our attention, is distinguishable from the instant facts. In *Kiper*, the Kentucky Supreme Court determined that it was improper to charge the defendant with both attempted murder and assault in the first degree, because the former required proof of intent to kill while the latter required proof of intent not to kill. The *Kiper* court determined that "verdicts convicting a defendant for both crimes must necessarily be the result of inconsistent findings of fact by the jury"; therefore, it found that the statutory restraint on double jeopardy was violated. *Kiper*, 399 S.W.3d at 744. In contrast, Appellant's convictions herein for tampering and escape were not inconsistent, and did not require proof of opposing *mens rea* as in *Kiper*. We find no manifest injustice, and thus no palpable error.

Appellant goes on to argue that he was improperly denied the right to present a complete defense at trial. Early on, Appellant filed a notice that he intended to present a mental health defense at trial. He subsequently withdrew that notice after deciding not to pursue that defense. Then, during Appellant's opening statement at trial, his counsel referred to Appellant's suicidal ideations at the time of the offenses.

After opening statements were made, a bench conference was held to discuss whether defense counsel's reference to suicide opened the door to Appellant's actions leading up to his removal of the monitoring device and his escape. These actions included Appellant being intoxicated on drugs at work before being sent home that day; breaking into Young's shed to retrieve an axe; and, using the axe to break into Young's house and gun safe. Discussion centered on whether these acts could be used to convince the jury that Appellant was not suicidal but very intentional in his plan to tamper with the HIP monitoring device and escape the residence. Ultimately, the court deferred any decision on whether those prior acts could be entered into evidence. It stated that if defense counsel "goes further, I will make those rulings as they open different doors, and I decide whether that information comes in."

Appellant's argument on this issue is that he should have been allowed to present evidence of his suicidal intent without it opening the door to his actions earlier in the day, including being high on drugs at work and breaking into Young's house and gun safe with an axe. Appellant acknowledges that a specific mental state, *i.e.*, intent, is not required for a conviction for escape. Though the offense of tampering with a prisoner monitoring device does require proof that the act was intentional, we have no basis for concluding that evidence of Appellant's

suicidal thoughts, if any, would have had any bearing on the jury's verdict other than to elicit sympathy.

Appellant does not demonstrate that his suicidal thoughts, if any, would have operated to ameliorate or otherwise excuse his criminal conduct. We are not persuaded by his contention that the introduction of Appellant's suicidal thoughts could have played a pivotal role in convincing the jury that he should be found not guilty of tampering with the ankle monitor and escape in the second degree. Such an assertion is purely speculative and is not supported by the record or the law. We do not conclude that Appellant was improperly denied the right to present a complete defense at trial.

## CONCLUSION

Appellant was not improperly subjected to double jeopardy, as each of the charged offenses required proof of an additional fact which the other did not. He was also not improperly denied the right to present a complete defense. For these reasons, we find no error and affirm the judgment on appeal.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Julia K. Pearson
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

J. Grant Burnette
Assistant Attorney General
Frankfort, Kentucky